UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
)
v. )       No.  2:10-CR-19
)
MATAU JUWAN GOINS )


**<u>MEMORANDUM AND ORDER</u>**

This criminal case is before the Court on the defendant's *pro se*[1] motion for a sentence

reduction, [Doc. 45].  In the defendant's motion, he requests that the Court reduce his sentence

pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment

788 to the United States Sentencing Guidelines Manual.  The government has responded, [Doc.

48], and the matter is ripe for review.  For the reasons that follow, the motion is DENIED.

**I.      Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once

it has been imposed, but the rule of finality is subject to a few narrow exceptions."  *Freeman v.*

*United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted).  One

exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment
> based on a sentencing range that has subsequently been lowered by the
> Sentencing Commission . . . , the court may reduce the term of imprisonment,
> after considering the factors set forth in section 3553(a) to the extent that they are
> applicable, if such a reduction is consistent with applicable policy statements
> issued by the Sentencing Commission.

---

[1] Federal Defender Services was appointed to represent the defendant by Standing Order 14-07 and order, [Doc. 46].
However, because the defendant is categorically ineligible for relief, FDS is unlikely to file any supplemental
motion on his behalf.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[2] In addition to these limits, section 1B1.10 states that a

---

[2] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government

2

court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

On the other hand, even if Amendment 782 were to lower a defendant's offense level under Chapter Two of the Sentencing Guidelines, a court proceeds sequentially through the Guidelines Manual. *Id.* § 1B1.1. In Chapter Five, the guidelines instruct that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." *See* U.S.S.G. § 5G1.1(b); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009); *see also United States v. Coats*, 530 F. App'x 553, 555 (6th Cir. 2013).

## II.     Factual Background

The defendant pleaded guilty to possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(C). The defendant was classified as a career offender based upon his prior convictions, which resulted in a based offense level of 34. [PSR ¶ 22]. The defendant's guidelines range was 188 to 235 months based on an offense level of 31, following a three-level reduction for acceptance of responsibility, and a criminal history category of VI. Both the base offense level of 34 and the defendant's criminal history category of VI were determined pursuant to his status as a career offender under USSG § 4B1.1(a) and (b). The defendant was ultimately sentenced to 188 months' imprisonment.

## III.     Analysis

Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that

---

motion to reflect the defendant's substantial assistance to authorities."   U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). That is not the case here.

has subsequently been lowered by the Sentencing Commission. Because the defendant was determined to be a career offender under Sentencing Guideline Section 4B1.1(a), the defendant's offense level and criminal history category were both determined by reference to Subsection (b) of that guideline, and not the quantity of drugs for which he was held responsible. Consequently, the defendant's guideline range has not been lowered as a result of Amendment 782's reduction to the Drug Quantity Table in section 2D1.1. *See, e.g., United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (Court held that previous amendments to drug quantity table did not apply to lower sentence of Career Offender).

The defendant acknowledges that he was classified as a career offender in his motion. However, the defendant argues that the convictions used as predicate offenses for his career offender classification were "insignificant" and asks the court to "imply the inherent authority invested in this Honorable Court" to find him eligible for a reduction. However, the Court has already considered the "amounts of the drugs involved in the predicate offenses for career offender" classification when determining that a sentence sufficient but not greater than necessary would be 188 months. [Statement of Reasons].

III.    **Conclusion**

For the reasons stated herein, the defendant's motion, [Doc. 45], is DENIED. All provisions of the Judgment, [Doc. 39], shall remain in effect.

ENTER:


_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4